**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Tyrell DeCoteau, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR TEMPORARY** |
| vs. | ) | **RESTRAINING ORDER** |
| | ) | |
| District Court, 85th Judicial District, | ) | Case No. 4:12-cv-030 |
| Brazos County, State of Texas; and | ) | |
| Francyne DeCoteau | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is the plaintiff, Tyrell DeCoteau's "Petition for Temporary Restraining Order and Permanent Injunction, and Declaratory Relief," filed on March 19, 2012. See Docket No. 2. For the reasons explained below, the motion is denied.

**I.   BACKGROUND**

Tyrell DeCoteau asserts that he and respondent Francyne DeCoteau were married in Bottineau, North Dakota. They have two minor children. They are members of the Turtle Mountain Band of Chippewa Indians. Tyrell DeCoteau is a member of the United States Army and is currently stationed in El Paso, Texas. Francyne DeCoteau resides with the children in College Station, Texas.

On an unknown date, Tyrell DeCoteau filed for divorce in Turtle Mountain Tribal Court. On October 5, 2005, Francyne DeCoteau filed for divorce in the Texas State District Court in Bell County, Texas. The Texas State District Court issued a temporary restraining order on October 5, 2005. On March 6, 2006, the Texas State District Court issued an employer's order to withhold income. On March 22, 2006, the Texas State District Court issued a supplemental temporary order. The contents of these Texas orders have not been disclosed to the Court and remain a mystery.

On May 1, 2006, the Turtle Mountain Tribal Court ("Tribal Court") issued an order finding that it had exclusive jurisdiction over the divorce and child custody matter between Tyrell DeCoteau and Francyne DeCoteau, and further found that the Texas orders were null and void. See Docket No. 1-4. The Tribal Court ordered that the parties share joint custody of the children. Thereafter, on October 18, 2006, the Tribal Court issued an order granting a dissolution of the DeCoteaus' marriage. See Docket No. 1-3. On June 1, 2011, the Tribal Court issued an order granting Tyrell DeCoteau custody of the children for one year effective June 15, 2011. See Docket No. 1-2. On January 6, 2012, the Tribal Court issued an arrest warrant for Francyne DeCoteau for non-compliance with the court's orders. See Docket No. 1-1.

On March 19, 2012, Tyrell DeCoteau filed a motion in federal district court seeking the following relief:

> (1) That Petitioner have judgment against Respondents whereby this Court issue a Temporary Restraining Order preventing Respondent District Court, 85th Judicial District, Brazos County, State of Texas from taking jurisdiction of the custody action in Texas until the parties have exhausted Tribal Court remedies;
>
> (2) That the Court issue a declaratory judgment declaring the Tribal Court has exclusive jurisdiction under Texas laws and Tribal laws, and the Tribal Court Orders are enforceable under the rule of comity and that the warrant for Respondent Francyne DeCoteau's arrest is valid and enforceable and that the Bureau of Indian Affairs must make arrangements to extradite Respondent Francyne DeCoteau back to the Turtle Mountain Tribal jurisdiction; and
>
> (3) That the Court issue a permanent injunction against Respondent Francyne DeCoteau ordering her to cease and desist in pursuing this matter in the Texas courts and ordering Respondent District Corut, 85th Judicial District, Brazos County, State of Texas from taking jurisdiction of the custody action in Texas.

See Docket No. 1.

**II.     LEGAL DISCUSSION**

In determining whether a temporary restraining order should be granted, Rule 65(b) of the Federal Rules of Civil Procedure directs the court to look to the specific facts shown by an affidavit to determine whether immediate and irreparable injury, loss, or damage will result to the applicant. In determining whether preliminary injunctive relief should be granted, the court is required to consider the factors set forth in Dataphase Sys., Inc., v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). Whether a preliminary injunction or temporary restraining order should be granted involves consideration of "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id.

It is well-established that the burden of establishing the necessity of a temporary restraining order or a preliminary injunction is on the movant. Baker Elec. Coop., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994); Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989). "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Baker Elec. Coop., Inc., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987)). The Court notes that counsel for Tyrell DeCoteau has not analyzed the claims in terms of the Dataphase factors. However, the Court will apply the facts he has asserted to these factors.

### A.   IRREPARABLE HARM

The plaintiff must establish there is a threat of irreparable harm if injunctive relief is not granted and that such harm is not compensable by money damages. Doe v. LaDue, 514 F. Supp. 2d 1131, 1135 (D. Minn. 2007) (citing Northland Ins. Co. v. Blaylock, 115 F. Supp. 2d 1108, 1116 (D. Minn. 2000)). "The 'mere possibility' that harm may occur before a trial on the merits is not enough." Johnson v. Bd. of Police Comm'rs, 351 F. Supp. 2d 929, 945 (E. D. Mo. 2004). The party that seeks the temporary restraining order must show a significant risk of harm exists. Doe, 514 F. Supp. 2d at 1135 (citing Johnson, 351 F. Supp. 2d at 945). The absence of such a showing is sufficient grounds to deny injunctive relief. Id. (citing Gelco v. Coniston Partners, 811 F.2d 414, 420 (8th Cir. 1987)).

Counsel for Tyrell DeCoteau asserts in the pleadings filed that Francyne DeCoteau and the children now live in a home with a bi-sexual male and two homosexual males. Counsel states that his client fears for the children's health and safety and that they may be subject to child molestation. Such accusations made in a pleading, unsupported by any sworn affidavits, fail to establish a threat of irreparable harm. An allegation of a threat of irreparable harm must be based on more than statements or arguments made by a lawyer in a legal pleading. This factor weighs against granting a temporary restraining order.

### B.   BALANCE OF HARM

It appears from the vague and incomplete pleadings filed that Tyrell DeCoteau is currently suffering the harm of separation from his children. If the Court gave effect to the Tribal Court orders, the most recent of which provides that Francyne DeCoteau "shall be allowed liberal

4

visitation, with the visitation schedules and exchange of Minor Children to be worked out by the Parties" (Docket No. 1-2) (Supplemental Temporary Order, dated June 1, 2011), Francyne DeCoteau would suffer the same harm. This factor neither weighs in favor of nor against granting a temporary restraining order.

### C.  PROBABILITY OF SUCCESS ON THE MERITS

When evaluating a movant's "likelihood of success on the merits" the court should "flexibly weigh the case's particular circumstances to determine 'whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.'" Calvin Klein Cosmetics Corp., 815 F.2d at 503 (quoting Dataphase, 640 F.2d at 113). At this preliminary stage, the Court does not decide whether the party seeking the temporary restraining order will ultimately prevail. PCTV Gold, Inc. v. SpeedNet, LLC, 508 F.3d 1137, 1143 (8th Cir. 2007). Although a temporary restraining order cannot be issued if the movant has no chance on the merits, "the Eighth Circuit has rejected a requirement as to a 'party seeking preliminary relief prove a greater than fifty per cent likelihood that he will prevail on the merits.'" Id. (quoting Dataphase, 640 F.2d at 113). The Eighth Circuit has held that of the four factors to be considered by the district court in considering preliminary injunctive relief, the likelihood of success on the merits is "most significant." S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

In Ballinger v. Culotta, 233 F.3d 546 (8th Cir. 2003), the Eighth Circuit Court of Appeals explained:

> The Rooker-Feldman doctrine provides that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges

>    to state court judgments." Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000) (citing [Dist. Of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 476 (1983)]; [Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)]). District courts may not review state court decisions, "even if those challenges allege that the state court's action was unconstitutional," Feldman, 460 U.S. at 486, because "federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court," [Lemonds v. St. Louis Cnty., 222 F.3d 488, 492 (8th Cir. 2000)] (citing 28 U.S.C. § 1257; Feldman, 460 U.S. at 486). A party who was unsuccessful in state court thus "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994) (citing Feldman, 460 U.S. at 482; Rooker, 263 U.S. at 416). This jurisdictional bar extends not only to "straightforward appeals but also [to] more indirect attempts by federal plaintiffs to undermine state court decisions." Lemonds, 222 F.3d at 492. Federal district courts thus may not "exercise jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." Id. at 492-93 (citations omitted).
>
>    A claim brought in federal court is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." Id. at 493 (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

Ballinger, 322 F.3d at 548-49.

Tyrell DeCoteau is essentially asking the federal court to review the custody orders from a Texas State District Court, under the guise of a claim under 42 U.S.C. § 1983 that his constitutional rights to due process and equal protection have been violated. It is clear from the scant record that this Court does not have jurisdiction to either enjoin the Texas State District Court from acting <u>or</u> to enforce the Tribal Court orders. It should be noted that Tyrell DeCoteau and his ex-wife currently reside in Texas. According to the Plaintiff's attorney, DeCoteau's ex-wife has appealed the various Tribal Court decisions to the Tribal Court of Appeals, and that appeal has been pending since April 2006. Therefore, tribal court remedies have yet to be exhausted. The Court finds that, based on the

6

incomplete record on file in federal court, Tyrell DeCoteau is not likely to succeed on the merits. This factors weighs against the granting of a temporary restraining order.

### D. PUBLIC INTEREST

The public has an interest in the speedy and efficient adjudication of child custody matters. The jurisdictions of Texas and the Turtle Mountain Indian Reservation also have an interest in their orders being enforced.  The parties, both of whom reside in Texas, need to present this dispute to the appropriate Texas state courts, and the Tribal Court and Tribal Court of Appeals in North Dakota.  This factor weighs against the granting of a temporary restraining order.

### III. CONCLUSION

After carefully reviewing the entire record, the Court finds that the Plaintiff has not met his burden of establishing the necessity of a temporary restraining order at this stage of the litigation. The Court **DENIES** the Plaintiff's motion for a temporary restraining order (Docket No. 2).  The Court **DEFERS RULING** on the Plaintiff's motions for permanent injunction and declaratory judgment (Docket No. 2).

Dated this 23rd day of March, 2012.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court