IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Tyrell DeCoteau, ) | |
| ) | |
| Petitioner, ) | **ORDER GRANTING RESPONDENT'S** |
| ) | **MOTION TO DISMISS** |
| vs. ) | |
| ) | Case No. 4:12-cv-030 |
| District Court, 85th Judicial District, ) | |
| Brazos County, State of Texas; ) | |
| Francyne DeCoteau, ) | |
| ) | |
| Respondents. ) | |

Before the Court is the respondent, District Court, 85th Judicial District, Brazos County, State of Texas's motion to dismiss. See Docket No. 7. The petitioner, Tyrell Decoteau, failed to respond. For the reasons explained below, the motion is granted.

I.  **BACKGROUND**

Tyrell DeCoteau asserts that he and respondent Francyne DeCoteau were married in Bottineau, North Dakota. They have two minor children. They are members of the Turtle Mountain Band of Chippewa Indians. Tyrell DeCoteau is a member of the United States Army and is currently stationed in El Paso, Texas. Francyne DeCoteau resides with the children in College Station, Texas.

On an unknown date, Tyrell DeCoteau filed for divorce in Turtle Mountain Tribal Court. On October 5, 2005, Francyne DeCoteau filed for divorce in the Texas State District Court in Bell County, Texas. The Texas State District Court issued a temporary restraining order on October 5, 2005. On March 6, 2006, the Texas State District Court issued an employer's order to withhold income. On March 22, 2006, the Texas State District Court issued a supplemental temporary order.

On May 1, 2006, the Turtle Mountain Tribal Court ("Tribal Court") issued an order finding that it had exclusive jurisdiction over the divorce and child custody matter between Tyrell DeCoteau and Francyne DeCoteau, and further found that the Texas orders were null and void. See Docket No. 1-4. The Tribal Court ordered that the parties share joint custody of the children. Thereafter, on October 18, 2006, the Tribal Court issued an order granting a dissolution of the DeCoteaus' marriage. See Docket No. 1-3. On June 1, 2011, the Tribal Court issued an order granting Tyrell DeCoteau custody of the children for one year effective June 15, 2011. See Docket No. 1-2. On January 6, 2012, the Tribal Court issued an arrest warrant for Francyne DeCoteau for non-compliance with the court's orders. See Docket No. 1-1.

On March 19, 2012, Tyrell DeCoteau filed a motion in federal district court seeking the following relief:

> (1) That Petitioner have judgment against Respondents whereby this Court issue a Temporary Restraining Order preventing Respondent District Court, 85th Judicial District, Brazos County, State of Texas from taking jurisdiction of the custody action in Texas until the parties have exhausted Tribal Court remedies;
>
> (2) That the Court issue a declaratory judgment declaring the Tribal Court has exclusive jurisdiction under Texas laws and Tribal laws, and the Tribal Court Orders are enforceable under the rule of comity and that the warrant for Respondent Francyne DeCoteau's arrest is valid and enforceable and that the Bureau of Indian Affairs must make arrangements to extradite Respondent Francyne DeCoteau back to the Turtle Mountain Tribal jurisdiction; and
>
> (3) That the Court issue a permanent injunction against Respondent Francyne DeCoteau ordering her to cease and desist in pursuing this matter in the Texas courts and ordering Respondent District Corut, 85th Judicial District, Brazos County, State of Texas from taking jurisdiction of the custody action in Texas.

See Docket No. 1.

On March 23, 2012, the Court issued an order denying DeCoteau's motion for a temporary restraining order and deferring ruling on the motions for declaratory judgment and a permanent

injunction. See Docket No. 4. On April 30, 2012, the District Court, 85th Judicial District, Brazos County, State of Texas ("Texas State District Court") filed a motion to dismiss under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. See Docket No. 7. The Texas State District Court argues the Court does not have jurisdiction and DeCoteau's claim is barred. DeCoteau has not filed a response to the motion.

## II. LEGAL DISCUSSION

### A. FAILURE TO RESPOND

Civil Rule 7.1(F) of the Local Rules for the District of North Dakota provides:

> A party's failure to serve and file a memorandum or a response within the prescribed time may subject a motion to summary ruling. A moving party's failure to serve and file a memorandum in support may be deemed an admission that the motion is without merit. An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken.

D.N.D. Civ. L. R. 7.1(F) (emphasis added). The Texas State District Court's motion was filed on April 30, 2012. DeCoteau's response was due on or before May 21, 2011. See D.N.D. Civ. L. R. 7.1(A)(1) (requiring a response to a dispositive motion within twenty-one (21) days). DeCoteau has not yet filed a response. The Court, in its discretion, takes DeCoteau's failure to respond as an admission that the Texas State District Court's motion is well-taken. D.N.D. Civ. L. R. 7.1(F). The Texas State District Court's motion to dismiss is granted.

### B. ROOKER-FELDMAN DOCTRINE

The Court will also consider some of the Texas State District Court's substantive grounds for dismissal of DeCoteau's claim. Rule 12(b)(1) of the Federal Rules of Civil Procedure provides

3

that a claim can be dismissed for lack of subject-matter jurisdiction. The Texas State District Court argues the Court does not have subject-matter jurisdiction under the Rooker-Feldman doctrine. In Ballinger v. Culotta, 233 F.3d 546 (8th Cir. 2003), the Eighth Circuit Court of Appeals explained:

> The Rooker-Feldman doctrine provides that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000) (citing [Dist. Of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 476 (1983)]; [Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)]). District courts may not review state court decisions, "even if those challenges allege that the state court's action was unconstitutional," Feldman, 460 U.S. at 486, because "federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court," [Lemonds v. St. Louis Cnty., 222 F.3d 488, 492 (8th Cir. 2000)] (citing 28 U.S.C. § 1257; Feldman, 460 U.S. at 486). A party who was unsuccessful in state court thus "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994) (citing Feldman, 460 U.S. at 482; Rooker, 263 U.S. at 416). This jurisdictional bar extends not only to "straightforward appeals but also [to] more indirect attempts by federal plaintiffs to undermine state court decisions." Lemonds, 222 F.3d at 492. Federal district courts thus may not "exercise jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." Id. at 492-93 (citations omitted).
>
> A claim brought in federal court is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." Id. at 493 (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

Ballinger, 322 F.3d at 548-49.

DeCoteau is essentially asking the federal court to review the custody orders from the Texas State District Court, under the guise of a claim under 42 U.S.C. § 1983 that his constitutional rights to due process and equal protection have been violated. It is clear from the scant record that this Court does not have jurisdiction to enjoin the Texas State District Court from acting. The proper venue for challenging the actions of the Texas State District Court is the Texas appellate court

4

system. The Court finds that it does not have subject matter jurisdiction. Therefore, the Texas District Court's motion to dismiss is granted.

### C. PERSONAL JURISDICTION

Rule 12(b)(2) provides that a claim can be dismissed for lack of personal jurisdiction. "To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction." Epps v. Stewart Info. Servs Corp., 327 F.3d 642, 647 (8th Cir. 2003) (citing Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990); Watlow Elec. Mfg. v. Patch Rubber Co., 838 F.2d 999, 1000 (8th Cir. 1988)). "The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004). The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction. Epps, 327 F.3d at 647 (citations omitted).

The jurisdiction of North Dakota courts is governed by the North Dakota long-arm statute set forth in Rule 4(b)(2) of the North Dakota Rules of Civil Procedure, which "authorizes North Dakota courts to exercise jurisdiction over nonresident defendants to the fullest extent permitted by due process . . . ." Hansen v. Scott, 2002 ND 101, ¶ 16, 645 N.W.2d 223 (citing Auction Effertz, Ltd. v. Schecher, 2000 ND 109, ¶ 6, 611 N.W.2d 173; Hust v. Northern Log, Inc., 297 N.W.2d 429, 431 (N.D. 1980)). When a state construes its long-arm statute to grant jurisdiction to the fullest extent permitted by the Constitution, the Court must determine whether the exercise of personal jurisdiction comports with due process. Johnson v. Woodcock, 444 F.3d 953, 955 (8th Cir. 2006);

5

Oriental Trading Co, Inc. v. Firetti, 236 F.3d 938, 943 (8th Cir. 2001); Bell Paper Box, Inc. v. U.S. Kids, Inc., 22 F.3d 816, 818 (8th Cir. 1994); see Hansen, 2002 ND 101, ¶ 23 (recognizing that a federal court sitting in diversity may collapse the two-step framework under North Dakota law).

"Due process requires minimum contacts between [a] non-resident defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Dever, 380 F.3d at 1073 (citing Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980)). There are two categories of minimum contacts with a state that may subject a defendant to jurisdiction in that forum, general and specific. With respect to general jurisdiction over a defendant, "a court may hear a lawsuit against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984)). A state has specific jurisdiction over a defendant when the suit arises out of, or is related to, the defendant's contacts with the forum state. Johnson, 444 F.3d at 956 (citing Helicopteros, 466 U.S. at 414).

Both categories of minimum contacts require some act by which the defendant purposely avails himself or herself of the privilege of conducting activities within the forum state, and thus invokes the benefits and protections of its laws. If a court determines that a defendant has minimum contacts with the forum state, the court must then consider "'whether the assertion of personal jurisdiction would comport with fair play and substantial justice.'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985)).

The Eighth Circuit has established a five-part test for measuring minimum contacts for purposes of asserting personal jurisdiction over a defendant: (1) the nature and quality of a defendants' contacts with a forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. Dever, 380 F.3d at 1073-74 (citing Burlington Indus., Inc., 97 F.3d 1100 at 1102). In determining whether a defendant has sufficient contacts with the forum state to exercise personal jurisdiction, the court must consider all of the contacts in the aggregate and examine the totality of the circumstances. Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1388 (8th Cir. 1995). The Eighth Circuit affords "significant weight" to the first three factors. Romak USA, Inc. v. Rich, 384 F. 3d 979, 984 (8th Cir. 2004) (citing Dever, 380 F.3d at 1073-74).

DeCoteau has failed to establish that the Court has personal jurisdiction over the Texas District Court. The record before the Court does not reveal any contacts the Texas District Court has had with the State of North Dakota. DeCoteau, his ex-wife, and their children all reside in the State of Texas. The Texas District Court has not issued any orders regarding the Turtle Mountain Tribal Court orders. The only contacts the Texas State District Court has had with North Dakota are the pleadings it has filed in this case. Because of the complete lack of contacts between the defendant and the forum state, the Court finds it does not have personal jurisdiction over the Texas State District Court.

## III. CONCLUSION

The Court has carefully reviewed the entire record and relevant case law. DeCoteau has failed to respond to the Texas State District Court's motion, and the Court takes that failure as an admission that the motion is well taken. In addition, the Court also finds as a matter of law that it does not have subject-matter or personal jurisdiction. The Texas District Court's motion to dismiss (Docket No. 7) is **GRANTED**.

Dated this 22nd day of June, 2012.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court